CASE 98—PETITION ORDINARY—JANUARY 30.

92 537<br>110 574

## Curran v. Taylor.

93 537<br>112 178

APPEAL FROM WARREN CIRCUIT COURT.

1. THE COMMON LAW OFFENSE OF BRIBERY is committed by offering any undue reward or remuneration to any public officer or other person intrusted with a public duty with a view to influence his behavior in the discharge of his duty.

    The buying of votes at an election to take the sense of the voters of a county as to making a county subscription in aid of a railroad, while not bribery within our statute relative to elections, is bribery at common law.

2. MEANING OF WORD "ELECTION" AS USED IN STATUTE.—The word "election," as used in the chapter of General Statutes on "Elections," does not embrace an election to take the sense of the voters of a county as to a county subscription or tax in aid of a railroad.

3. BRIBERY WAS A MISDEMEANOR AT COMMON LAW, punishable by fine or imprisonment or both.

4. FALSE IMPRISONMENT.—In this action against a peace officer for false arrest and imprisonment, the fact that the plaintiff had committed the common law offense of bribery in the presence of the officer constituted a sufficient defense.

DULANEY & MITCHELL for appellant.

The word "election," as used in the statute against bribery, means only the choice of officers and does not include the decision of questions submitted to the voters. (Gen. Stats., pp. 506 and 529; Acts 1887-8, vol. 2, p. 1188; Marshall v. Donovan, 10 Bush, 694; Hall v. Marshall, 80 Ky., 558; Acts 1883-4, vol. 1, p. 754; 7 Ky. Law Rep., 292.)

RODES & SETTLE for appellees.

1. A vote upon a railroad tax is an "election" within the meaning of the statute against bribery. (Gen. Stats., chap. 33, art. 12, sec. 11, subsec. 1; *Idem*, sec. 17; Hall, &c., v. Marshall, 80 Ky., 552.)
2. Bribery is a common law as well as a statutory offense. (Bishop on Criminal Law, vol. 1, sec. 368; *Idem*, vol. 2, sec. 77.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Silas Taylor, a peace officer, together with his summoned assistant, the appellee, W. B. Baker, arrested the appellant, T. P. Curran, for buying a vote in the officer's presence in an election to take the sense of the voters of Warren county as to making a county subscription to the stock of the Henderson State Line Railroad. He sued them for false arrest and imprisonment.

The answer is a plea of confession and avoidance. It admits the arrest, but justified upon the ground that the appellant had committed the offense of bribery. A trial was had, resulting in a verdict for the appellees. There is no bill of exceptions, and therefore the only inquiry in this court is, Do the pleadings support the verdict?

There is no provision in the act of the Legislature under which the vote was taken for the punishment of the buying or the selling of votes. It is urged that as our statutory provision for the punishment of those doing so is embraced in the chapter of the General Statutes on "Elections," a case like this one is not embraced by the law, because that chapter only relates to elections for officers. In other words that this was not an election

within the meaning of that chapter, and therefore the appellant by buying the vote committed no offense. If this conclusion be correct then the judgment against him upon the verdict for the costs of the action was erroneous upon the pleadings and must be reversed.

Our statute provides: "Bribe or bribery means any reward, benefit or advantage, present or future, to the party influenced, or intended to be influenced, or to another at his instance, or the promise of such reward, benefit or advantage. * * * * Whoever shall bribe another shall on conviction be fined from fifty to one hundred dollars and imprisoned from ten to ninety days, or both so fined and imprisoned and be excluded from office and suffrage for five years." (General Statutes, chap. 33, art. 12, secs. 11–12.)

These provisions being in the chapter upon "Elections" apply, of course, only to those of the character to which it relates.

Section 1 of the first article says: "Whenever in this chapter, or in any statute hereafter passed, it is said an election shall be held, or an equivalent expression is used in reference to a State, district or county election, it shall be deemed to mean an election by the qualified voters, to be held at the places of voting in the various precincts or justices districts, whose voters have a right to vote in the election of *the officers designated*."

From this it appears that the statute relates only to elections for governmental officers and that there is none relative to one like this, which, generally speaking, is termed an election. The statutory penalty for bribery in elections relates, therefore, only to those for the election of officers.

While we speak of a vote of the people, whether, for instance, a local option law shall become operative or whether a subscription to the stock of a railroad shall be made by a county or district, as an election, yet, strictly speaking, it is not one.

In Marshall v. Donovan, &c., 10 Bush, 681, it was held that a vote as to a proposed school tax was the ascertainment of the will of the people as an agency merely, selected by the Legislature to determine whether a conditional statute should become operative in the particular district, and was not an election ; and this case was cited with approval in Hall, &c., v. Marshall, &c., 80 Ky., 552, where the vote as to the removal of a county seat was being considered.

The late Constitutional Convention, recognizing what should, perhaps, be regarded as a defect in our statute, declared that the word " elections " should include the decisions of questions submitted to the voters as well as the choice of officers.

But conceding, as we must, that the appellant did not incur the statutory penalty because it was not an election within the terms of the statute, yet does it follow that by the buying of the vote he committed no offense ? We think not. If any offense was committed by him then the judgment below must be affirmed. It strikes one at the outset as singular and exceedingly debasing if a person can thus over-ride the free will of the people and by corrupting influences fasten upon them burdens which may prove ruinous to them and yet be free from all punishment. Such a state of affairs would sap and destroy the existence of good government. If it be corrupting to bribe a voter to vote for a particular candidate for office

it is certainly none the less so to bribe him to vote for or against proposed taxation. A free vote is as important in the one case as the other. Indeed, a community will be more likely to rid themselves quickly and easily of an incompetent officer than of a burdensome tax.

Bribery is obnoxious to the common law. It recognizes that a fair expression of the people is just to those who bear the burdens of government, and that the integrity and independence of the voter should be carefully preserved. It has been thus defined at common law: " The crime of offering any undue reward or remuneration to any public officer, *or other person intrusted with a public duty*, with a view to influence his behavior in the discharge of his duty." (2 American and English Encyclopædia of Law, p. 530.)

It was a misdemeanor at common law, visited by fine or imprisonment, or both. An attempt to corrupt jurymen, or arbitrators, or a judge, or to bribe an officer in the summoning of jurymen, or not to execute a process, or to let a prisoner escape, or witnesses to keep them from attending court, and other instances too numerous to mention, constitute bribery at common law. It did not permit the corruption of one engaged in the discharge of a public duty. It recognized the evil of allowing it. In this instance the voter was corrupted when in the discharge of a public duty. He was by his vote helping to determine whether a public burden should be imposed upon the people.

It was substantially held in Chicago, &c., R. Co. v. Shea, &c., 67 Iowa, 728, that a promise made to voters in an election as to a railroad aid tax that those who voted

for it would be paid fifty cents on the dollar for their certificates of taxes paid by them was bribery.

The act of the appellant, while not bribery within our statute relative to elections, was bribery at common law, and was, therefore, a public offense, which, committed as it was in the presence of the officer, gave him the right, and it was his duty, to make the arrest.

Judgment affirmed.