PEOPLE ex rel. DICKINSON v. VAN DE CARR, Warden of City Prison.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. BRIBERY—JURISDICTION OF MAGISTRATE.
　　A magistrate has jurisdiction to inquire into a violation of Pen. Code, § 72, imposing a penalty on any public officer receiving a bribe, and thereafter, upon proper proof, to hold a person to answer for the crime.

2. SAME—APPEAL—SCOPE OF REVIEW.
　　On appeal from an order dismissing a writ of habeas corpus, and remanding relator to custody, he having been held to bail on a charge of

¶ 2. See Habeas Corpus, vol. 25, Cent. Dig. § 114.

violating Pen. Code, § 72, punishing the receiving of a bribe, the inquiry is limited to the question whether there is any evidence tending to show guilt, and not as to the weight of the evidence.

**3. SAME—DEFINITION.**

Bribery is the giving, offering, or receiving of anything of value, or any valuable service, intended to influence one in the discharge of a legal duty.

**4. SAME—EVIDENCE.**

An alderman of the city of New York wrote the commissioner of street cleaning that, if he would reinstate a certain employé, the writer would help the street commissioner to obtain the money needed for a new plant in Brooklyn; there being then pending in the board of aldermen a bill to authorize an issue of corporate stock, "for new stock or plant for the department of street cleaning, borough of Brooklyn." *Held,* that the facts sufficiently tended to show an offense on the part of the alderman to warrant his being held to answer the charge of violation of Pen. Code, § 72, imposing a punishment on any public officer receiving or offering to receive, etc., a bribe.

Appeal from Special Term, New York County.

Application of the people, on the relation of William Dickinson, for a writ of habeas corpus to John E. Van De Carr, warden of the City Prison. From an order dismissing the writ and remanding him to the custody of the warden, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James Lindsay Gordon, for appellant.

Henry G. Gray, for respondent.

LAUGHLIN, J. The relator is an alderman of the city of New York. He has been held to bail, and to appear at the Court of General Sessions, upon a charge of violating section 72 of the Penal Code, which relates to bribery, by Justice Wyatt, of the Court of Special sessions, sitting as magistrate. The warden returned the commitment of the magistrate under which he held the relator. It is in due form, and appears to be valid. The relator traversed the return, claiming that the evidence upon which commitment was based does not show that any crime has been committed; and he annexed to his traverse the exhibits and testimony, which were conceded to be correct. The testimony showed that John McGaw Woodbury, the commissioner of street cleaning of the city of New York, wrote a letter to the relator on the 23d day of September, 1902, saying:

"In reply to your letter of September 20th, I would say that the Department is so short of horses, particularly in the Borough of Brooklyn, that we have been very strict with the drivers during the warm weather to prevent any possibility of over-heating or damaging the stock. We are many behind our complement. Should, however, the Honorable Board grant me the moneys for new stock and plant, this would give employment to more drivers, and as the heavy season comes on, having made a note of your favorable recommendation, the case of Covino will be reconsidered."

—That on the 30th day of the same month the relator wrote and mailed a letter to Commissioner Woodbury in reply, saying:

"If you will reinstate Antonio Covino, who I think was too severely punished by being dismissed from your Department, I will vote and otherwise help you to obtain the money needed for a new plant in Brooklyn."

And at this time there was pending in the board of aldermen a bill to authorize an issue of corporate stock "for new stock or plant for the department of street cleaning, Borough of Brooklyn."

There is no question but that the magistrate has jurisdiction to inquire into a violation of section 72 of the Penal Code, and thereafter, upon proper proof, to hold a person to answer for the crime. The relator has not been convicted. He has been merely held to answer. We are therefore not concerned with the weight of evidence. Our inquiry is limited to whether there was any evidence tending to show his guilt. This is the single question presented by the appeal. Section 72 of the Penal Code provides as follows:

"Officer Accepting Bribe. A judicial officer, a person who executes any of the functions of a judicial office not designated in titles VI and VII of this Code, or a person employed by or acting for the state, or for any public officer in the business of the state, who asks, receives, or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, upon any agreement or understanding that his vote, opinion, judgment, action, decision, judgment or any other official proceeding, shall be influenced thereby, or that he will do or omit any act or proceeding, or in any way neglect or violate any official duty, is punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars, or both. A conviction also forfeits any office held by the offender, and forever disqualifies him from holding any public office under the state."

It will be observed that the clause, "asks, receives or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor," is disjunctive. It first specifically includes certain officers who ask, receive, or agree to receive a bribe. In the absence of any statute defining a bribe, we must have recourse to the decisions and text-writers to determine what was embraced in that term at common law. Bribery was an indictable offense at common law, and, although in the early days it was limited to judicial officers and those engaged in the administration of justice, it was later extended to all public officers. It was variously defined as taking or offering an "undue reward" or a "reward" to influence official action. Rex v. Plympton, 2 Lord Raym. 1377; Rex v. Vaughan, 4 Burr, 2494; 4 Blackstone's Com. 139; 3 Coke's Inst. 145; Hawkins' Pleas of Crown (Carwood's Ed.) pp. 414, 415; 2 Bishop's New Crim. Law, § 85, note; Barbour's Crim. Law (3d Ed.) 346; 2 Wharton's Cr. Law, § 1858; Walsh v. People, 65 Ill. 58, 16 Am. Rep. 569; Curran v. Taylor, 92 Ky. 537, 18 S. W. 232; State v. Ellis, 33 N. J. Law, 102, 97 Am. Dec. 707. Bribery is defined in 4 Am. & Eng. Enc. of Law, p. 908, to be "the giving, offering, or receiving of anything of value, or any valuable service, intended to influence one in the discharge of legal duty." The cases of bribery that have been before the courts of this state, so far as brought to our attention, have related to the offering or giving of property or something of intrinsic value. The relator claims that, as no money or property was asked or agreed to be received by him to influence the official action of the street commissioner, he has not violated this statute. In view of the circumstances disclosed, his letter is open to the inference that he desired to obtain a political or other personal advantage from or by securing Covino's reinstatement in the public service, and that he took advantage of the known desire

on the part of the street commissioner to obtain this appropriation of public moneys to improperly influence the action of the street commissioner on the application of Covino for reinstatement, by offering, in case that were done, to vote for and further the desired appropriation, and impliedly threatening in case of refusal to withhold his support therefrom. The interests of the public service require that public officers shall act honestly and fairly upon propositions laid before them for consideration, and shall neither be influenced by, nor receive pecuniary benefit from, their official acts, or enter into bargains with their fellow legislators or officers or with others for the giving or withholding of their votes, conditioned upon their receiving any valuable favor, political or otherwise, for themselves or for others. It was the duty of the relator to act fairly and honestly and according to his judgment upon the proposition of the street commissioner. It does not appear to have been the mandatory duty of the board of aldermen to favor the recommendation of Commissioner Woodbury. In these circumstances, it was the duty of the relator to favor or oppose the recommendation according to its merits or demerits. If, in his judgment, it should have been disapproved, he should have opposed it, and he should not bargain to vote for it upon obtaining an agreement from the street commissioner to reinstate Covino. It is quite as demoralizing to the public service, and as much against the spirit and intent of the statute, for a legislator or other public official to bargain to sell his vote or official action for a political or other favor or reward as for money. Either is a bribe, and they only differ in degree. Nor should he, by holding out this inducement, have tempted the commissioner to act favorably upon Covino's application for reinstatement. This was undue influence, and would be detrimental to the public service. In addition to the word "bribe" in this section of the Code, other words are employed sufficiently broad to reach this case. It is a violation of the statute for a public officer to ask, receive, or agree to receive "property or value of any kind, or any promise or agreement therefor," upon any agreement or understanding that his vote or official action shall be influenced thereby. It is clear that words "value of any kind," as here used, are more comprehensive than "property." The benefit which the relator expected to receive from the reinstatement of his constitutent would, we think, be embraced in the meaning of this clause, and would also constitute a bribe. We are therefore of the opinion that the facts tend to show that the relator has offended against the provisions of section 72 of the Penal Code, and that he was properly held to answer upon the charge.

It follows that the order should be affirmed. All concur.