## Commonwealth v. Funk.

December 12, 1950.

Chester D. Adams, Judge.

A. E. Funk, Attorney General, and James Park, Commonwealth's Attorney, for appellant.

John Y. Brown, Chat Chancellor, and Ray Holbrook for appellee.

JUDGE HELM—Certifying the law.

An indictment was returned against appellee, A. E. Funk, Jr., as follows:

"Fayette Circuit Court
"The Commonwealth of Kentucky

against

"A. E. Funk, Jr.

"Indictment for bribery of voter.

"The Grand Jury of Fayette County, in the name and by the authority of the Commonwealth of Kentucky, accuse A. E. Funk, Jr., of the offense of bribery of a voter,

"Committed as follows, viz: That said ————— on the 24th day of September, 1949, in the county aforesaid and within twelve months next before the finding of this indictment unlawfully, knowingly and wrongfully did bribe Adrian Solomon to vote at the City of Lexington primary election held in Lexington, Fayette County, Kentucky, on September 24th, 1949, with good and lawful money of the United States, the exact amount and description being to the Grand Jurors unknown, for Dan Reagan, Henry Hettel, W. R. Anderson and Stanley Saunier, Jr., who were candidates for the office of City Commissioner at said primary election, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

Appellee demurred to the indictment. The trial court sustained the demurrer.

Appellant, the Commonwealth of Kentucky, in accordance with section 337 of the Criminal Code of Practice, has appealed to this court for a certification of the law.

The trial Judge in his opinion says: "KRS 89.440 and the sections following it, set out the manner of holding a primary election in cities having commission and city manager form of government. No penalty is provided for the offense sought to be charged in the indictment of unlawfully, knowingly and wrongfully bribing a person to vote in said primary election, and the sections of the statute governing primary elections under the commission and city manager form of government do not provide that the regular election laws shall apply."

In its brief, appellant says: "We * * * concede that

there is no provision of the Kentucky Statutes making it an offense to bribe a voter at a primary held in a city under the city management form of government. We submit, however, that the indictment to which the demurrer was sustained states a common-law offense and that the lower court erred in sustaining the demurrer thereto.''

In its reply brief, appellant says: ''* * * The indictment did not allege that Adrian Solomon was a legal voter because no such allegation could truthfully be made. * * *''

Appellee maintains that: Common-law bribery does not exist in relation to a primary held under the city manager from of government; the indictment is fatally defective because it does not allege facts sufficient to charge a common-law offense, and it is not bribery at common law to bribe a person who is not qualified to vote.

In 1950, the Legislature, to supply the penalties omitted from KRS, Chapter 89, enacted Chapter 150, now KRS 89.980, as follows: ''Any person committing an act in connection with any election held under the provisions of KRS Chapter 89, which act, if committed in a regular election would subject the person to a penalty under the provisions of KRS Chapters 123 or 124, shall be subject to the same penalty provided therein for such an act.''

Both appellant and appellee cite and rely upon the case of Curran v. Taylor, 92 Ky. 537, 18 S. W. 232, 233. There, defining common law bribery, we said: ''* * * Bribery is obnoxious to the common law. * * * It has been thus defined at common law: 'The crime of offering any undue reward or remuneration to any public officer, or other person intrusted with a public duty, with a view to influence his behavior in the discharge of his duty.' 2 Amer. & Eng. Enc. Law, p. 530. * * *'' This definition is adopted in Gregory's Criminal Law, page 213, section 219. See 5 Words and Phrases, Bribery page 792.

The older writers define the crime of bribery as the taking or giving of a reward to influence the actions of a person in ''judicial place,'' thus limiting the offense to officers engaged in the administration of public justice. But the old definitions were extended to include legisla-

tive and executive officials, and later to voters. See 8 Am. Jur., pages 886 and 887, and Bouvier's Law Dictionary, Rawle's Third Revision, Vol. 1, page 394.

The briefs and cases cited refer to voters or electors. Here the charge is "bribery of a voter," but Adrian Solomon was not a public officer or other person charged with a public duty, nor was he a voter.

Appellant admits the indictment does not charge a statutory offense. In the light of the definition of bribery at common law, as set out in Curran v. Taylor, supra, we are of the opinion the indictment here does not charge the offense of bribery at common law. This being true, we are constrained to hold that the trial court properly sustained the demurrer to the indictment. The law is so certified.