■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH J. HANSEN, Appellant.— Appeal by defendant, as limited by his brief, (1) from so much of a sentence of the County Court, Rockland County, imposed February 13, 1973, as committed him to a reformatory term upon a conviction of burglary in the third degree, on a jury verdict, and (2) from another sentence of the same court, imposed May 15, 1973, committing him to another reformatory term, to run concurrently with the above-mentioned commitment, upon a conviction of escape in the second degree, on a guilty plea. Sentences modified, as a matter of discretion in the interest of justice, by reducing them to the time served. As so modified, sentences affirmed. In our opinion, the sentences were excessive to the extent indicated herein. Hopkins, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK A. IOPPOLO, Respondent.— Appeal by the People from an order of the Supreme Court, Nassau County, dated June 21, 1973, which granted defendant's motion to dismiss the indictment. Order affirmed. The evidence before the Grand Jury was legally insufficient. Both sections 195.00 and 200.10 of the Penal Law require proof of a "benefit" to a defendant. A "benefit" is defined in subdivision 17 of section 10.00 of the Penal Law as "any gain or advantage to * * * a third person pursuant to the desire or consent of the beneficiary". There was no testimony before the Grand Jury as to this requirement. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.