George J. Balbach, J.
Defendant, in an omnibus motion, seeks (1) an inspection of the Grand Jury minutes; (2) an order granting a bill of particulars; (3) an order granting discovery and inspection; (4) Brady material; and (5) through (8) for Wade, Mapp, Miranda, and Sandoval hearings.
The defendant herein was indicted on June 25, 1975 and charged with burglary in the third degree, bribery in the second degree, possession of burglar’s tools, and criminally possessing a hypodermic instrument. A review of the Grand Jury minutes shows no difficulty with the burglary and possession crimes but presents a unique question regarding the bribery charge; namely, does an offer to assist the police constitute bribery?
The facts in this case indicate that the defendant was arrested for burglary on May 26, 1975. During the course of his arrest, defendant allegedly asked the arresting officer if we "can’t fix this” and offered to introduce him to drug pushers in a named borough. No names were mentioned. On the basis of this statement, defendant was indicted for bribery in the second degree.
Bribery in the second degree (Penal Law, § 200.00) occurs when a person "confers, or offers * * * to confer, any beneñt upon a public servant” (emphasis added) upon an understanding that the latter exercise his discretion as a public servant. On examining the evidence, it is clear that the defendant’s offer was not extended in a social sense but was made to induce the policeman to grant some form of leniency. However, the problem arises: was there a benefit offered?
The Penal Law (§ 10, subd 17) defines benefit as "any gain or advantage to the beneficiary”. What exactly is a gain or advantage has never been clearly defined. Our earliest cases appear to have used benefits in a monetary sense. Thus an early decision simply defined the term as any "advantage, profit” (Fitch v Bates, 11 Barb 471, 473). Later cases expanded this view to nonmonetary gains, indicating that a bribe might include "anything of value, or any valuable service” (People ex rel. Dickinson v Van De Carr, 87 App Div 386, 389), including any act resulting in "personal or political advantage” (People v Hyde, 156 App Div 618, 624). Moreover, "The word 'advantage’ must be given its commonly accepted and *512 natural meaning of something accruing to the benefit of the person receiving it.” (People v Hyde, supra, p 623.)
In viewing the law in this area, it is this court’s opinion that the benefit must not be so remote, abstract, or theoretical as to create speculation as to its ultimate value to the receiver. In the case at bar, it is doubtful if a vague offer to turn State’s evidence, without anything further, constitutes such a benefit in the statutory sense. Therefore, this court finds that there was not sufficient testimony before the Grand Jury to establish proof of a "benefit”. (People v Ioppolo, 45 AD2d 745.) The Grand Jury minutes having been inspected, the motion to dismiss the indictment is therefore granted to the extent that count two of the indictment, charging bribery in the secpnd degree, is dismissed; as to counts one, three, and four, the motion is denied, there being sufficient legal evidence to sustain these counts.
[Balance of opinion omitted from publication.]