JOHNSON v. GUARANTY BANK & TRUST COMPANY.

Opinion delivered July 2, 1928.

772

*Scott & Cooper,* for appellant.
*Robert S. Keebler,* for appellee.

HART, C. J., (after stating the facts). A stipulation in a mortgage that, if the mortgagor shall fail to pay any note or installment of interest, or neglect to pay taxes or special assessments, the entire indebtedness shall become due and payable, or that the mortgagee may, at his option, declare it to be due and payable, is a legal and valid provision. *Hume* v. *Indiana Nat. Life Ins. Co.,* 155 Ark. 466, 245 S. W. 19; *Markle* v. *Fallin,* 161 Ark. 504, 256 S. W. 841; and *McCormick* v. *Daggett,* 162 Ark. 16, 257 S. W. 858. In the case last cited it was held that an acceleration clause in a deed of trust which matures the debt matures it for all purposes. In the case at bar, the mortgagee exercised its option to declare the mortgage debt due for failure of the mortgagors to pay the taxes and the past due purchase money note and the accrued interest, by filing a complaint to foreclose the mortgage for the whole indebtedness. In other words, the mortgagee in its complaint declared the whole debt due, and asked for a foreclosure for the whole of the mortgage indebtedness.

The stipulation for accelerating the time of payment of the whole debt may be waived by the mortgagee, especially when it is made to depend upon his option. A court of equity will also relieve against the effect of such provision, where the default of the debtor is the result of accident or mistake, or when it is procured by the fraud or other inequitable conduct of the creditor himself. Pomeroy's Equity Jurisprudence, 4 ed. vol. 1, § 439.

Under our decisions, the stipulation in a mortgage for the whole debt to mature upon default of a part of the debt is not treated as a forfeiture clause, but rather as a stipulation for a period of credit on condition. A breach of the clause can only be relieved against when some one of the equitable grounds above stated are established. It was not shown that the failure of the mortgagors to make the payments as stipulated in the mortgage was attributable to the plaintiff or its officers. No excuse was offered for the nonpayment of the levee taxes except that the defendants were short of money,

and this not sufficient. It is claimed that the failure to pay the purchase money note and the accrued interest on January 1, 1927, was due to the fault of the mortgagee, and an effort was made to place the blame upon its officers who represented it in the transaction, but in this the chancery court was justified in finding that the defendants have failed.

On this point T. P. Johnson testified that he was led to believe, from a conversation had with the vice president of the plaintiff, in December, 1926, that a reasonable extension of time would be given them after note due January 1, 1927, became due, to pay it, and that no effort was made by plaintiff to foreclose until after the Legislature of 1927 had passed an act relieving the lands of Crittenden County from road taxes, which had the effect to greatly enhance them in value.

Dickey said that Johnson reported to him that an extension of time had been granted them to meet the payment of the note due January 1, 1927, and the accrued interest. Otherwise he said that he would have paid the note. On the other hand, the vice president of the plaintiff bank and his assistant denied in positive terms that any extension of time of payment was granted. On the contrary, they asserted that payment was at all times demanded, and that an extension of the time of payment was specifically refused.

It was the duty of the defendants to pay the installments as they fell due, and they could not rely on any confusion that resulted from a misunderstanding on their part, which was not the result of any inequitable conduct of the plaintiff or its officers, and which was not caused by any misrepresentations made by them. The chancery court made an express finding that plaintiff did no act amounting to a waiver by it of its rights under the acceleration clause, and, under our familiar rules of practice, the finding of facts by a chancellor must be upheld upon appeal, unless clearly against the preponderance of the evidence. Such is not the case here.

Neither are we able to afford relief to the defendants because the Legislature passed an act which had

the effect to relieve the lands in connection with other lands from the payment of road taxes. So far as the record discloses, plaintiff had nothing to do with the passage of this act, and did not make any promises to defendants based upon it. Nothing whatever was said or done by the parties in reliance on the passage of such an act. Defendants only claim that they were misled by promises made by the officers of the plaintiff bank, but the promises relied upon in the testimony of T. P. Johnson, even if true, are too vague and indefinite to be made the subject of a waiver of the acceleration clause, and to amount to such inequitable conduct as to relieve defendants from the enforcement of the accelerating clause.

It follows that the decree of the chancery court was correct, and it will therefore be affirmed.