HARRELL *v.* PERKINS.

4-9069

226 S. W. 2d 803

Opinion delivered February 6, 1950.

Rehearing denied March 6, 1950.

*Henry J. Burney,* for appellant.

*Paul E. Talley* and *Wayne W. Owen,* for appellee.

ED. F. McFADDIN, Justice.    The creditor filed this mortgage foreclosure suit and sought acceleration of the entire mortgage indebtedness.    The only question for decision is whether the Chancery Court ruled correctly in refusing to enter a decree for such acceleration.

On April 25, 1947, C. R. Perkins, and wife, executed a mortgage, on a house and lot in the City of Little Rock, to H. H. Harrell (the appellant) to secure a note for $12,500.    The note was payable in monthly installments of $82.81; and both the note and mortgage contained an acceleration clause.    The one in the note reads:

".  .  . if default be made at any time in payment of any of said installments for a period of 60 days, all of the remaining installments not then due shall at the option of the holder at once become due and payable, for the purpose of foreclosure."

Mrs. Leola Blanchard (the only appellee) purchased the property from Mr. and Mrs. Perkins and assumed the mortgage indebtedness held by Mr. Harrell. All monthly payments were made on the note to and including March 25, 1948. Thereafter, no monthly payments were made due to the facts hereinafter to be stated.

On October 8, 1948, Mr. Harrell filed suit to foreclose his mortgage and claimed the acceleration of maturity of the entire note. Mr. and Mrs. Perkins defaulted; but Mrs. Blanchard resisted Mr. Harrell's claim to acceleration. She alleged due and proper tender to Mr. Harrell of all the past due monthly payments and interest; and she claimed that because of such tender, and because of Mr. Harrell's conduct, equity should not declare the entire indebtedness to be due. The Chancery Court entered a decree (a) allowing Mrs. Blanchard to pay all the monthly payments in default, together with interest and costs of the suit, and (b) refusing to give effect to Mr. Harrell's declaration that his entire note be due and payable. From that decree Mr. Harrell has appealed: and the only issue is his right to accelerate the maturity of the entire note.

We affirm the decree of the Chancery Court, because Mr. Harrell is estopped from claiming the acceleration of the monthly payments. The evidence discloses that in February and March, 1948, when there were no monthly payments in default, Mr. Harrell "as the aggressor" urged Mrs. Blanchard to obtain a loan elsewhere and pay off his entire note. He first offered to take a discount of $493.41; and a few days later he offered a discount of $729.98. His letter to her of February 25th shows that he clearly understood that she was to get an FHA loan[1] and use the proceeds thereof to pay his note. After having mentioned the FHA loan, Mr. Harrell closed that letter with this language:

---

[1] This means a loan from the Federal Housing Administration.

"Will be out of town at least until Saturday, but in the meantime I thought that you might be able to go ahead with the preliminaries, and see if this can be worked out to our mutual benefit. You know, without my saying it, that I will be grateful to you for your action along this line."

In his letter to Mrs. Blanchard of March 20, 1948, (while there were no monthly payments in default) Mr. Harrell increased the offered discount to $1,000 if Mrs. Blanchard would obtain a loan and pay him in full.

As previously mentioned, Mr. Harrell understood that Mrs. Blanchard was to get an FHA loan to pay him. Because of Mr. Harrell's insistence, Mrs. Blanchard undertook to get an FHA loan, but was confronted with a long series of requirements. In order to meet these, she made property improvements costing in excess of eleven thousand dollars. Mr. Harrell lived adjacent to Mrs. Blanchard's property and knew all that was occurring; and while the improvements were being made Mr. Harrell admits that he told Mrs. Blanchard in June or July: ". . . just let the payments go and we will settle the whole thing at the same time"— that is, that she need not make the monthly payments until the FHA loan be consummated, and he be then paid from such proceeds.

But after Mrs. Blanchard had made improvements in excess of $11,000, and while she was awaiting the closing of the FHA loan, Mr. Harrell "changed his tune" and sought to foreclose his entire note. On October 1, 1948, Mrs. Blanchard and her attorney made a tender of all defaulted monthly payments, together with interest, but this tender was refused; and on October 8 Mr. Harrell filed the present suit. At the trial it was stipulated "that on several occasions prior to this date and on this date, that the defendant is able, ready and willing to, and does and has tendered all the monthly payments that are in arrears, together with the accrued interest," and together with all court costs.

In the light of the foregoing evidence, and other of like tenor, it is clear that it would be unconscionable for

Mr. Harrell to accelerate his entire indebtedness. In *Johnson* v. *Guaranty Bank,* 177 Ark. 770, 9 S. W. 2d 3, we had occasion to discuss the nature of an acceleration clause; and this language is used:

"The stipulation for accelerating the time of payment of the whole debt may be waived by the mortgagee, especially when it is made to depend upon his option. A court of equity will also relieve against the effect of such provision, where the default of the debtor is the result of accident or mistake, or when it is procured by the fraud or other inequitable conduct of the creditor himself. Pomeroy's Equity Jurisprudence, 4 Ed. vol. 1, § 439."[2]

In 70 A. L. R. 993 there is an Annotation, "Grounds of relief from acceleration clause in mortgage"; and in that Annotation cases from many other jurisdictions are cited to sustain this conclusion:

"It is held, apparently without dissent, that a court of equity has the power to relieve a mortgagor from the effect of an operative acceleration clause, when the default of the mortgagor was the result of some unconscionable or inequitable conduct of the mortgagee."

The case at bar comes within the last clause of the quotation from *Johnson* v. *Guaranty Bank* (*supra*)— that is, equity will relieve against acceleration when the creditor's conduct has been responsible for the debtor's default. Mr. Harrell persuaded Mrs. Blanchard to seek an FHA loan to pay his note; he knew she was expending large sums in improvements; she offered him the monthly payments, pending the completion of the FHA loan requirements, and he refused them. Under these circumstances, equity should not decree an acceleration of maturity of the entire note.

Affirmed.

---

[2] Also see Pomeroy's Equity Jurisprudence, 5 Ed., § 439.