CRONE *v.* JOHNSON

5-3911                                    403 S. W. 2d 738

Opinion delivered June 6, 1966

*David O. Partain,* for appellant.

*Warner, Warner, Ragon & Smith,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit brought by the appellee, Florence V. Johnson, to foreclose a purchase-money mortgage on the Cardinal Motel in Fort Smith. The principal question is whether the chancellor was right in holding that the circumstances attending the debtor's default in the payment of two monthly installments were such as to entitle the mortgagee to declare the entire debt immediately due and payable. We have concluded that the attempted acceleration of the indebtedness should not have been permitted.

On January 9, 1964, Mrs. Johnson sold the motel to the appellant's predecessor in title, who executed a $37,283.27 note and mortgage, payable in equal monthly installments of $314.30, for the unpaid purchase price. Later on the appellant Crone bought the purchaser's

equity and assumed the mortgage. Monthly payments were made with regularity until a dispute arose, which led to Crone's refusal to pay the installments due on June 1 and July 1, 1965. Mrs. Johnson attempted to accelerate the maturity of the debt and filed this suit on July 20, 1965. The court appointed a receiver to operate the motel during the pendency of the case.

The parties' dispute concerned the proper application of checks totaling $1,764.74 that were issued by an insurance company to pay for windstorm damage suffered by the motel on May 8. Under the mortgage the debtor was required to carry insurance payable to the mortgagee as her interest might appear. The insurance company, to protect itself in paying the claim, made the checks payable jointly to Crone and Mrs. Johnson. The two eventually reached an impasse, as neither would endorse the checks so that the other could cash them. Mrs. Johnson finally brought the matter to a head by declaring the entire debt due and filing the present suit. In the course of the proceedings the chancellor directed that the insurance money be applied upon the debt, as accelerated, and that the rest of the obligation be enforced by a decree of foreclosure.

We think both parties were at fault in the dispute. The storm had damaged the roof and some of the windows of the motel. Crone was anxious to repair the damage quickly; he needed the income from the motel to make his monthly payments. He did part of the work himself and incurred obligations for the rest of the repairs. Crone took the position that he would endorse the checks only if Mrs. Johnson agreed for the money to be paid over to him.

Mrs. Johnson, whose husband acted for her, refused to accept Crone's suggested solution of the difficulty. Johnson apparently expressed his willingness to use some of the money to pay bona fide repair bills, but we are not convinced that he was as co-operative as he should, in fairness, have been. Johnson, who had posses-

sion of the checks, finally decided to take no action until after the first of July. By then two monthly payments, as well as some taxes and insurance premiums, were delinquent. As we have said, Mrs. Johnson ended the deadlock by accelerating the debt and filing suit.

Even though insurance is payable to the mortgagee as his interest may appear, it does not follow that the mortgagee is entitled to apply the money in any way he chooses. *Bonham* v. *Johnson,* 98 Ark. 459, 136 S. W. 191 (1911). In a proper case—and we regard this as such a case—the funds may be used to pay current installments as they fall due. Appleman, Insurance Law & Practice (1941), § 3386; *Zeigler* v. *Federal Land Bank,* 86 S. W. 2d 864 (Tex. Civ. App. 1935); *Thorp* v. *Croto,* 79 Vt. 390, 65 Atl. 562, 10 L.R.A. (n.s.) 1166, 9 Ann. Cas. 58, 118 Am. St. Rep. 961 (1907). Here that course achieves an altogether equitable result. Mrs. Johnson has the benefit of the insurance proceeds in the reduction of the mortgage debt, while Crone receives an interruption in the monthly payments at a time when he needs to use his income for repairs.

Similar principles of justice permit a court of equity to protect the debtor against an inequitable acceleration of the maturity of the debt. *Johnson* v. *Guaranty Bank & Tr. Co.,* 177 Ark. 770, 9 S. W. 2d 3 (1928). Here the misfortune of the windstorm ought not to cause Crone to lose his equity in the property. The insurance money should have been applied to prevent the default that Mrs. Johnson relied upon in declaring the entire indebtedness payable at once.

Upon remand the attempted acceleration of the debt will be set aside and an account struck between the parties, by the application of the insurance money and the net proceeds of the receivership to the items that are delinquent. If such available funds are not sufficient to pay all the indebtedness that has accrued Crone should be given a reasonable time within which to pay whatever amount is needed to make the account current.

Some of the blame being chargeable to each side, the costs will be divided equally.

Reversed.

BLAND, J., disqualified.