KIRBY C. SEAY, ET UX v. E. T. DAVIS, ET AL

5-4793                                    438 S.W. 2d 479

Supplemental Opinion on Denial of Rehearing
Delivered April 7, 1969

[Original opinion delivered February 24, 1969, p. 201.]

Supplemental opinion on rehearing; rehearing denied.

GEORGE ROSE SMITH, Justice, on rehearing. In our original opinion in this case, 246 Ark. 201, 438 S.W. 2d 479, we held that under the provisions of the Uniform Commercial Code the appellants were not entitled to accelerate the maturity of the note and mortgage, because the proof showed that they did not believe in good faith, as the statute requires, that the prospect of payment or performance had been impaired. Ark. Stat. Ann. § 85-1-208 (Add. 1961).

In a petition for rehearing the appellants insist that the Code applies only when the contract permits the creditor to accelerate the maturity "at will," or words to that effect, whereas here there is also a condition in the contract that the debtors must be in default. The Commissioners' Comment to the cited section of the Code lends support to the appellants' argument, for it refers to an acceleration "at the whim and caprice of one party." See also the Commissioners' Comment 4 to § 85-3-109.

We think it proper to modify our original opinion by leaving that question open for future decision, for even if the appellants are correct in their construction of the Code the decree must nevertheless be affirmed under our prior decisions. Apart from the Code, as indicated in our original opinion, a court of equity will protect a debtor against an inequitable acceleration of the maturity of the debt. We followed that course recently in *Crone* v. *Johnson*, 240 Ark. 1029, 403 S.W. 2d 738 (1966).

That rule is controlling. As stated in our original opinion, Davis assured Seay that if Davis' son allowed a delinquency to occur, the elder Davis would make it good within three hours, upon being notified. Seay promised to give such notice, but he failed to keep his

promise.    Ever since Davis, Sr., learned of the delinquency he has stood ready to pay the arrearages, plus the court costs and an attorney's fee.    It would be altogether inequitable to allow Seay to repudiate his own promise and thereby not only retake the property but also, according to the proof, bring financial ruin upon the older of the two debtors.    Hence, without regard to the provisions of the Uniform Commercial Code, the decree of the trial court must be affirmed.

The petition for rehearing is accordingly denied.