### NEW HAMPSHIRE INSURANCE CO.
#### *v.* Sheila QUILANTAN

80-23                                    601 S.W. 2d 836

Supreme Court of Arkansas
Opinion delivered June 23, 1980

Laser, Sharp, Haley, Young & Huckabay, P.A., for appellant.

Hobbs & Longinotti, by: Richard W. Hobbs, for appellee.

RICHARD L. MAYS, Justice. This appeal is from a judgment for an attorney's fee of $12,500 under Ark. Stat. Ann. § 66-3238 (Repl. 1966) providing for an award of a reasonable attorney's fee against an insurer who wrongfully refuses to pay under an insurance policy. The only question raised by appellant is whether the attorney's fee award is excessive.

We previously held the award to be excessive in an earlier appeal in the same case because the record did not indicate the basis for the award. See New Hampshire Ins. Co. v. Quilantan, 263 Ark. 892, 569 S.W. 2d 102 (1978). The first $12,500 award was made after appellee, Sheila Quilantan, obtained a summary judgment for $45,237.50, including penalty and interest, against appellant, New Hampshire Insurance Company, which had refused to pay under a fire insurance policy on appellee's home. When the appellant appealed, we sustained the summary judgment but found the attorney's fee to be excessive, providing in the alternative that the appellee's attorney either accept a reduction to $6,000 or present evidence to support the award. Refusing to accept the reduction, appellee's attorney presented evidence at a subsequent hearing before the trial court to establish the reasonableness of the fee, at the conclusion of which the court reinstated its original award of $12,500.00.

This Court has consistently held that there is no fixed formula to be used in determining the reasonableness of a fee. Federal Life Insurance Company v. Hase, 193 Ark. 816, 102 S.W. 2d 841 (1937). The award of an attorney's fee is a matter which is addressed to the sound discretion of the court and, in

the absence of abuse, its judgment will be sustained on appeal. *Equitable Life Assurance Society* v. *Rummell*, 257 Ark. 90, 514 S.W. 2d 224 (1974). In reaching any determination, however, the court should be guided by such factors as the experience and ability of the attorney and the time and work required of him, the amount involved in the case and the results obtained and the fee customarily charged in the locality for similar legal services. *Equitable Life Assurance Society, supra.*

Notwithstanding the evidentiary hearing below, which primarily consisted of the testimony of appellee's attorney and four other local counsel, appellant contends that there is no rational basis to support a $12,500 attorney's fee award. However, our review of the record reveals evidentiary support for the award. Appellee's attorney has been practicing law for 38 years and is highly respected in the legal community. He spent 91 to 100 hours in preparing the case and demonstrated unusual skill in obtaining a particularly impressive result. The fee awarded him is compatible with the customary fee charged in the community for similar services. Under such circumstances, we cannot say that the award of $12,500 is without a rational basis.

Affirmed.