Roy S. MAHAN and Lenora E. MAHAN *v.*
William L. POLING, Rose K. POLING, B. J. BAKER,
Janice BAKER and THE FIRST NATIONAL BANK OF
ROGERS, Arkansas

CA 80-529                                                616 S.W. 2d 20

Court of Appeals of Arkansas
Opinion delivered May 27, 1981

*Powell Woods*, for appellants.

*Hubert L. Burch* and *Richard S. Hardwicke*, for appellees.

GEORGE K. CRACRAFT, Judge. Appellants appeal from a decree in which the chancellor relieved appellees from the effect of a stipulation for the acceleration of unpaid installments on a land sale contract under circumstances he found to be unconscionable.

In 1974 the appellants Mahan sold real estate to the appellees Poling on an installment contract under which the deed was deposited with the First National Bank of Rogers with instructions not to deliver the deed until all the installments of principal and interest and all other covenants therein had been fully performed. The installments of principal and interest were to be paid through the bank. The provisions of that contract obligated the buyer, among other things, to pay all taxes and other charges on the property when due.

Paragraph nine of the contract provided that "time shall be of the essence in the performance required by this agreement." It further provided that a delinquency in

buyer's performance of any term or condition, including the payment of taxes, which continued for a period of thirty days vested in the seller the option of two remedies. The seller might declare the contract terminated and recover possession of the premises or at his option declare the entire balance due on the contract to be immediately due and payable coupled with the immediate right to foreclose the unpaid seller's lien. In the event of election to exercise the latter option, an obligation to pay an attorney's fee was imposed upon the buyer.

Under this arrangement the appellees Poling entered into possession of the property and faithfully and promptly paid all of the installments of principal and interest, taxes and insurance premiums and fully performed all other obligations imposed upon them under the contract for a period of five years. In 1979 the appellees Poling conveyed their interest under the contract to appellees Baker, who continued to make the payments of principal and interest up to the time this action was filed.

For reasons not disclosed in the record, the real estate taxes due and payable before October 1, 1979, were not paid. The appellant Mahan became aware that the taxes were delinquent and, without notice or demand upon the appellees, redeemed the taxes on December 17, 1979. Thirty days thereafter on January 16, 1980, again without any notice to the appellees, Mahan elected to exercise his option to declare the entire unpaid balance of principal under the contract to be due and payable and brought his action praying that he have judgment for the unpaid balance and a decree in foreclosure.

The total amount that appellant was required to pay to redeem the taxes, penalty and interest, was in the amount of $79.10. At the time the acceleration of the debt was declared, the appellees were not and had never been otherwise in default. The First National Bank of Rogers was brought into the action solely because of its status as escrow agent. No judgment was sought against it. While the suit was pending the appellees made tender of two installments which were refused. An offer to tender all of the accrued installments and

4

the amount paid to redeem the taxes was made in open court at the date of the hearing.

The chancellor, on stipulated facts, found that the appellants had not notified the appellees that the taxes for 1978 were delinquent and made no demand on them to make that payment. The chancellor found no showing that the appellees received a tax statement for the 1978 taxes or that one had been mailed to them, and that there was a strong presumption that the appellees had no notice or knowledge that the taxes had not been paid. The court further found that it would not have been an undue burden on the appellants to notify the appellees of the delinquency and make demand on them for payment prior to commencing suit, "rather than sitting silently by and awaiting the expiration of the required thirty day period to bring their foreclosure action at a time when over one-half of the purchase price had been paid and the appellees had in all other respects faithfully performed all the covenants." The chancellor further found that as there was no showing that the failure to pay the taxes was intentional, that it would be "grossly inequitable" to declare a forfeiture of the contract; that the appellants in good conscience should have notified the appellees of the delinquency, and that therefore a court of equity ought to relieve the appellees from the forfeiture. The chancellor ordered the appellees to immediately pay the escrow agent a sum sufficient to bring the payments under the contract current and to reimburse appellants for the redemption, penalty and interest. Appellees were further ordered to pay the current real estate taxes. The decree provided that failure of appellees to do so within ten days would result in the entry of a decree ordering a sale of the property.

The appellants contend on appeal that the chancellor erred in not ordering foreclosure because the contract expressly provided that "time was of the essence" with respect to the performance of all of the covenants and provided in the event of default the appellants should have the option to declare the entire unpaid balance immediately due and payable, and have the right to bring an action to foreclose the unpaid seller's lien. They point out that there

was no denial that the taxes were delinquent and that the contract made no provision for the alternative relief granted by the chancellor.

It cannot at this time be questioned that provisions in an instrument of security providing for acceleration of the secured debt on default are valid and enforceable. *Johnson* v. *Guaranty Bank & Trust Co.*, 177 Ark. 770, 9 S.W. 2d 3. Under our decision the stipulation in such an instrument for the whole debt to mature upon default is not treated as a forfeiture, but rather as a stipulation for a period of credit on condition. *Pulaski Federal Savings & Loan Assn.* v. *Woolsey*, 242 Ark. 612, 414 S.W. 2d 633. It is also clearly established that when the instrument executed between the parties declares that time is of the essence in the performance of obligations of the agreement, the courts will not relieve against the consequences of a default except in certain circumstances. In *Pulaski Federal Savings & Loan Assn.* v. *Woolsey*, supra, the Supreme Court set out these circumstances under which such relief is warranted:

> The stipulation for accelerating the time of payment of the whole debt may be waived by the mortgagee, especially when it is made to depend upon his option. A court of equity will also relieve against the effect of such provisions, where the default of the debtor is the result of accident or mistake, or when it is procured by the fraud *or other inequitable conduct of the creditor himself.*

> Under our decisions, the stipulation in a mortgage for the whole debt to mature upon default of a part of the debt is not treated as a forfeiture clause, but rather as a stipulation for a period of credit on condition. A breach of the clause can only be relieved against when some one of the equitable grounds above stated are established. (Emphasis added.)

It has been stated that the purpose for including in security instruments a requirement that the debtor pay all taxes when due is for the purpose of assuring that the title to the security not be lost or the creditor unduly inconven-

ienced. Under our law the appellants were in no danger of losing their security, due to the two year period of redemption from tax sales provided by our law, Ark. Stat. Ann. § 84-1201 (Repl. 1980). He could not be harassed or be unduly inconvenienced by anyone during that period of time.

We agree with the chancellor that it would not have been a heavy burden on the appellants to have notified the appellees of the deficiency and afforded them an opportunity to cure it before declaring the acceleration of the debt. We further agree that it would be grossly inequitable in this case to permit a forfeiture in favor of one who sat silently and awaited the expiration of the required thirty day period for filing a suit in foreclosure. Under the circumstances of this case, the chancellor found that the appellants did not deal fairly with the appellees and took a technical and unconscionable advantage of the situation. While it may not be unconscionable to insist upon strict compliance with the terms of a contract, it would be inequitable to so insist when the default is in a trifling amount and neither endangers the security, hinders the collection of the debt nor otherwise injures the lienee. The appellees' prior performance record certainly gave appellants no reason to believe that the appellees would not promptly cure the default. Appellants' silence, followed by immediate suit, is suggestive of an intent on their part to avoid any act which might bring the deficiency to the appellees' attention in time to cure it and supports the chancellor's finding of inequitable conduct. The clear declaration of *Pulaski Federal Savings & Loan Assn.* v. *Woolsey*, supra, *Johnson* v. *Guaranty Bank & Trust Co.*, supra, *Harrell* v. *Perkins*, 216 Ark. 579, 226 S.W. 2d 803, is that foreclosure, although based in part on legal rights, is an equitable proceeding and it is within the province of a court with equitable powers to see that the party seeking the relief shall have dealt fairly before that relief is granted. We find no error in the action of the chancellor.

We affirm.