# Marvin HICKMON, d/b/a H & H AUTO SALES
## v. Robert BEENE

CA 82-77                                    640 S.W.2d 812

### Court of Appeals of Arkansas
### Opinion delivered October 27, 1982

*William H. Craig* and *John H. Adametz, Jr.,* for appellant.

*Andrew L. Clark,* for appellee.

GEORGE K. CRACRAFT, Judge. On March 27, 1979, Robert Beene purchased from Marvin Hickmon, d/b/a H & H Auto Sales a 1975 Lincoln automobile under a conditional sale contract. On May 17, 1979, Hickmon repossessed the automobile in Dallas, Texas and returned it to Little Rock. Beene brought this action to recover possession of the motor vehicle asserting that the vehicle had been wrongfully repossessed. Hickmon answered that at the time he repossessed the vehicle the appellee was in default in several material respects. He further contended that as a result of the default he had declared the entire balance due and, deeming the collateral to be insecure, he physically repossessed it and sold it pursuant to the provisions of the Uniform Commercial Code.

The contract in question imposed on the buyer the obligation of paying all installments of principal and interest when due and of procuring and maintaining

insurance against all risk of physical damage to the collateral. It declared that time was of the essence in the performance of all undertakings and that the entire balance should become due and payable without notice if — "(2) At holder's option, if the customer defaults in performing any obligation under this contract or if holder in good faith deems itself insecure . . . holder may, without notice or legal action, peaceably enter any premises where collateral may be found, take possession of it and anything found in it." The contract further provided that the holder should have the remedies of a secured party under the Uniform Commercial Code.

The evidence was in conflict as to whether or not the installment payments due under the contract were in default at the time of the repossession. It was admitted, however, that the appellee had not procured the required insurance on the vehicle and had so informed the appellant. There was also evidence that appellee had driven the vehicle to Texas and had left the car in Texas upon his return to Little Rock. The appellee denied any intent to abandon it but stated that he had left it with responsible persons. The trial court found that the required installments were not in default. It further found that "the facts that the automobile was out of state and not being kept at plaintiff's residence in Arkansas and that there was no physical damage insurance coverage on the automobile were not sufficient grounds for defendant's belief that his security was in jeopardy nor were they sufficient grounds, therefore, for the repossession."

As the trial court found on conflicting evidence that the installments of principal and interest were not in default, appellant concedes that this finding is not clearly erroneous and appeals only with respect to the effect that failure to procure insurance and maintain the car at his place of residence has upon the right to accelerate the debt.

In making his order the special judge was obviously relying upon the "good faith requirement" of Ark. Stat. Ann. § 85-1-208 (Add. 1961) for the acceleration of the maturity date, as that section was applied in the original decision in *Seay* v. *Davis*, 246 Ark. 201, 438 S.W.2d 479 (1969)

which was followed by the Court of Appeals in *Rawhide Farms, Inc.* v. *Darby,* 267 Ark. 776, 589 S.W.2d 210 (Ark. App. 1979). Those cases declare that the good faith requirement of the Commercial Code would apply in any case in which the note provided that it might be accelerated "at the option of the holder." On September 12, 1982, after the learned special judge decided this case and the brief of the appellant had been filed, the Supreme Court handed down its opinion in *Bowen* v. *Danna,* 276 Ark. 528, 637 S.W.2d 560 (1982).

In *Bowen* the Supreme Court points out that in its opinion on rehearing it had modified its original opinion in *Seay* v. *Davis, supra,* leaving the question of the application of the good faith standard for future determination. Supplemental Opinion on Rehearing *Seay* v. *Davis,* 246 Ark. 627, 438 S.W.2d 479 (1969). In modifying *Rawhide Farms* the Supreme Court in *Bowen* answered its reserved question as follows:

> Likewise, we hold that Ark. Stat. Ann. § 85-1-208 is inapplicable where the right to accelerate is conditioned upon the occurrence of an event, such as a lapse of required insurance coverage, which is in the complete control of the debtor. To this extent we modify *Rawhide Farms, Inc.* v. *Darby, supra,* and we affirm the chancellor's refusal to apply the statute.

As the conditional sales agreement now under review did contain a default type acceleration clause rather than one providing for "acceleration at will" we hold that the trial court erred in applying the good faith requirements set forth in Ark. Stat. Ann. § 85-1-208 and reverse and remand this cause for entry of an order consistent with this opinion.

Reversed and remanded.