Peter K. WESTLUND et al *v.* Arthur MELSON, Jr. and Faye MELSON, Husband and Wife

CA 82-258                                    647 S.W.2d 488

Court of Appeals of Arkansas
Opinion delivered March 9, 1983
[Rehearing denied April 6, 1983.*]

*GLAZE, J., would grant rehearing.

*Burrow & Sawyer*, by: *Stephen P. Sawyer*, for appellants.

*Elrod & Lee*, by: *John R. Elrod*, for appellees.

LAWSON CLONINGER, Judge. An action was filed in the trial court by the appellees, Arthur Melson, Jr. and Faye Melson, against the appellants, Peter K. Westlund and Jeannie E. Westlund, husband and wife, asking for judgment on a promissory note executed by appellants, and for the foreclosure of two mortgages executed to secure the note. The suit was instituted on the basis that appellants failed to make payments in accordance with the provisions of the note.

The trial court awarded judgment and foreclosure, finding that there was no mistake as to when the monthly payments were due, and finding that there was no waiver by appellees by reason of accepting late payments. On this appeal, appellants urge that the findings of the trial court, and the court's failure to find lack of good faith and inequitable conduct on the part of appellees, are contrary to

the preponderance of the evidence. We find no error and we affirm.

The promissory note was executed by appellants as part of the consideration for a house and apartment complex in Siloam Springs, and was dated May 10, 1979. Gerald and Claudia Westlund are the parents of Peter K. Westlund. The note provided that the first payment on the indebtedness was due on June 15, 1979, and that subsequent payments were due on the fifteenth day of each month thereafter until paid. The note further provided as follows:

> In the event the Makers shall fail to make any installment payment of principal or interest when due or within 60 days thereafter, then the holders hereof, at their option, may declare the entire unpaid balance of principal and interest owed immediately due and payable . . .

Mr. Melson testified that he told Peter Westlund that the first payment on the note could be paid on July 1, 1979, instead of June 15 as called for by the terms of the note, because the transaction was not closed until May 31, but that subsequent payments would have to be paid on the fifteenth of each month. The first payment was made on July 12, 1979.

The evidence indicates that every monthly payment for a period of eighteen months was late. The payments were made eighteen days to fifty-two days past the due date, and appellees accepted the late payments. There is evidence that Mr. Melson told Peter Westlund that the payments were going to have to be paid when due or he would have no alternative but to foreclose.

Appellants urge that an offer and acceptance, signed only by Mr. Melson and Peter Westlund, was executed on May 10, 1979, which provided that the monthly payments were to be payable beginning thirty days after the closing date. The closing date was not until May 31, and by the terms of the offer and acceptance the first payment would not have become due until July 1, 1979. Subsequent payments would have been due on the first of succeeding months, and those

payments would be subject to the sixty-day grace period provided for in the promissory note. The offer and acceptance was signed by Peter Westlund individually and as sales agent for his employer, a real estate firm.

Mr. Melson testified that the offer and acceptance was executed at the request of Peter Westlund, and that it was done only to fulfill a formal requirement for the files of Peter Westlund's employer.

Appellants contend that, because of mistake, there could be no acceleration of the indebtedness. They argue that the mistake was that it was appellants' understanding that the first payment was due thirty days after the closing date, or July 1, 1979. However, the note specifically provides that the first payment was due and payable on June 15, 1979. It is correct that the offer and acceptance was dated two days after the purported date of the promissory note, but the evidence was that the note was not signed by the parties until May 30, 1979, some eighteen days after the execution of the offer and acceptance. There was no evidence that appellees were ever mistaken as to the time for payment, and so if there was a mistake it was a unilateral one. The courts will not reform or rescind a contract involving a unilateral mistake, except where there is fraud. See *Foshee* v. *Murphy*, 267 Ark. 1047, 593 S.W.2d 486 (Ark. App. 1980).

Appellants' argument that appellees waived the right to accelerate because appellees consistently accepted late payments does not have merit. Although all the payments were late, none was delinquent beyond the sixty-day grace period until the payment due on December 15, 1980 became seventy-two days past due. Appellees filed their complaint in foreclosure on February 25, 1981. Further, acceptance of a late payment precludes acceleration because of the lateness of that payment, but is not a waiver of the right to accelerate when default occurs in a subsequent installment. *Rawhide Farms* v. *Darby*, 267 Ark. 776, 589 S.W.2d 210 (Ark. App. 1979).

Appellants contend that when the first chance to accelerate the debt and foreclose the mortgage arose, the

appellees immediately declared the unpaid balance due. Appellants rely upon the following observation made by the court in *Seay* v. *Davis*, 246 Ark. 201, 438 S.W.2d 479 (1969):

> On the record as a whole we cannot say that the chancellor was wrong in concluding from the Davises' testimony that the sellers were motivated by a desire to turn the down payment into a quick profit rather than by a good faith conviction that the purchasers could not perform their contract.

The original opinion in *Seay* v. *Davis* ruled that the case fell within the intent of Ark. Stat. Ann. § 85-1-208 (1961 Add.), which provided:

> A term providing that one party or his successor in interest may accelerate payment or performance or require collateral or additional collateral 'at will' or "when he deems himself insecure' or in words of similar import shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised. ...

In a supplemental opinion, *Seay* v. *Davis*, 246 Ark. 627, 438 S.W.2d 479 (1969), the court again affirmed the decision of the chancellor, but based its holding on the rule that a court of equity will protect a debtor against an inequitable acceleration of the maturity of the debt. The court left open for a future decision the question of the applicability of § 85-1-208 to a mortgage contract where there is a clear material breach. In the case of *Bowen* v. *Danna*, 276 Ark. 528, 637 S.W.2d 560 (1982), the Arkansas Supreme Court held that the good faith requirement for acceleration set out in § 85-1-208 was inapplicable where the right to accelerate is conditioned upon the occurrence of an event such as default on monthly payments.

In *Seay*, the mortgage had been executed by E. T. Davis and his son, T. G. Davis. The son was to make the monthly payments, and the mortgagee assured the father that the

father would be notified of any delinquency in payments by the son (and inferentially, an opportunity to pay the arrearages) before filing a foreclosure suit. The mortgagee failed to give the notice to E. T. Davis. The court held that it would be inequitable to allow the mortgagee to repudiate his own promise.

In the case before the court, there is no evidence of inequitable conduct. Two competent business people, one a banker, the other a realtor, handled all the negotiations leading up to the sale, and they consummated an arms length contract. The chancellor found that there was a breach by the appellants of their repayment obligation and that appellees were entitled to exercise the acceleration clause. The findings of the chancellor are not clearly against the preponderance of the evidence, and we must affirm. Arkansas Rules of Civil Procedure, Rule 52 (a); *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981).

Affirmed.