BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT v. BOWEN.

Opinion delivered July 23, 1906.

LEVEE—DEED FOR RIGHT OF WAY—CONSTRUCTION.—Under a deed conveying a right of way over certain land "for the purpose of constructing and maintaining any and all levees that may be built thereupon as a protection against overflows," when a right of way has been selected by the grantee and occupied by the construction of a levee, the grantee could not construct another levee across the land on a different line without securing another right of way.

Appeal from Mississippi Circuit Court, Osceola District; *Allen Hughes*, Judge; affirmed.

*H. F. Roleson*, for appellant.

Contracts are to be construed most strongly against the obligor. 4 Ark. 199. The deed is plain, and explicitly grants the land for the purpose of constructing and maintaining any and all levees that may be built thereupon as a protection against overflows. The surroundings and circumstances under which the deed was executed are admissible, and should be considered in construing its meaning. 65 Ark. 18; 52 Ark. 95; 46 Ark. 122.

The deed conveys only one *right of way,* * * * "for the purpose of constructing and maintaining any and all levees that may be built *thereupon.*" In considering the "surroundings and circumstances under which the deed was executed, in construing its meaning," these facts appear from the record: a levee

across appellee's land had existed for 38 years; a larger levee was necessary, and the only land required by the district for right of way was an amount sufficient to enable it to increase the size of the levee.   The consideration also is to be taken into account.

RIDDICK, J.   This was an action to recover damages on account of the construction of a levee by the defendant across the farm of plaintiff and the taking of land for a right of way therefor.   While the damages allowed by the jury were liberal, the evidence, we think, was sufficient to sustain the verdict, and we find no error in the rulings of the court on the admission of evidence or in its instructions to the jury.

The main defense set up by the defendant seems to have been that the right of way to construct the levee had already been granted by a deed duly executed by plaintiff.   This deed, which is set out in the statement of facts, purports to convey "the right of way" over the land in question "for the purpose of constructing and maintaining any and all levees that may be built thereupon as a protection against overflows."   This deed was made out on a printed form for a deed prepared by the Levee Board, and recited a nominal consideration of $1.00.   We are of the opinion that the deed gave only one right of way across the land; and when a right of way across the land was selected and occupied by the construction of a levee, the defendant could not construct another levee across the land on a different line without securing another right of way.   We think that the circuit court correctly held that only one right of way could be taken under it, and that, after that had been selected and occupied, the power of the deed was exhausted, and no other right of way could be taken under it.

On the whole case we are of the opinion that the judgment should be affirmed, and it is so ordered.