McLAUGHLIN *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered December 19, 1927.

1. RAILROADS—RIGHT TO LAY TRACKS ON STREETS.—Under an ordinance granting to a railroad company a right to lay tracks and switches on certain streets of a city, the right was exhausted on

construction by the railroad of its tracks, and it was not author-
ized to build additional tracks 27 years after passage of the
ordinance.

2.  RAILROADS—RIGHT TO LAY ADDITIONAL TRACKS IN STREETS.—An
injunction against the city preventing it from interfering with
a railroad laying additional tracks over a right-of-way through
the city will not be dissolved, though the railroad did not apply
to the city council for authority to lay such tracks, where the
building of such additional tracks is a public necessity, and where
the railroad owns all the right-of-way over which it proposes to
lay such tracks, except across one street, and the city council
would be under the duty of granting the right to lay such tracks.

Appeal from Garland Chancery Court; *W. R. Duffie,*
Chancellor; affirmed.

*A. T. Davies* and *Murphy & Wood,* for appellant.

*E. B. Kinsworthy,* for appellee.

McHaney, J.    Appellants are the city attorney,
municipal judge, chief of police and mayor of the city
of Hot Springs.    Appellee is the successor to the St.
Louis, I. M. & S. R. Co., which was the successor to the
Little Rock, Hot Springs & Western Railway Co., and it
in turn was the successor to the Little Rock, Hot Springs
& Texas Railway Co., and is now the owner and is oper-
ating a line of railroad between the cities of Little Rock
and Hot Springs.    On April 2, 1894, the city council of
Hot Springs passed an ordinance, the title of which and
the parts thereof pertinent to this controversy being as
follows:

"An ordinance granting to the Little Rock, Hot
Springs and Texas Railway a right-of-way and other
rights and privileges on, through and over certain lots
and blocks and streets and avenues in the city of Hot
Springs, including the right and privilege to build, con-
struct, establish, maintain and operate thereon and
thereto such track or tracks, sidetracks, turnouts, turn-
tables, depots, water stations and such other structures
and improvements as said railway company may from
time to time deem necessary.

"Section 1.    Be it ordained by the city council of the
city of Hot Springs:    That a right-of-way and all other

rights and privileges hereinafter mentioned be and it and they are hereby granted to the Little Rock, Hot Springs and Texas Railway, a corporation created and existing under the laws of the State of Arkansas, on, through and over certain lots and blocks and streets and avenues of the city of Hot Springs, which lots and blocks and streets and avenues are hereinafter more specifically mentioned.

"Section 2. That the right-of-way hereby granted may be located at such place or places as said railway company may select, on, over and through that portion of said city of Hot Springs described as follows, to-wit."

Then follows a description of the route of the right-of-way through the city, from the corporate limits down to the intersection of Elm and Valley Streets, where the depot is located, and then says: "That, in addition to the rights and privileges hereinbefore mentioned and granted, said railway company is also granted the right and privilege to occupy and use all of said block fifty, and all that portion of said blocks fifty-four and fifty-eight lying east of a line drawn parallel with the east line of Elm Street, distance one hundred and ten feet easterly, at right angles with the Elm Street front of said blocks fifty-four and fifty-eight, for the purpose and use of erecting, constructing, maintaining, using and operating thereon such track or tracks, switches, turnouts, turntables, freight depots, passenger depot and such other structures and improvements as may be necessary and incident thereto, and for such other purpose and uses as said railway company may deem necessary; said railway company is also hereby granted the right and privilege to lay, construct, maintain, operate and use such track or tracks, turnouts, sidings, switches and yard tracks on that portion of Orange and Olive Streets between Elm and Valley Streets as said railway company may deem proper."

On July 2, 1899, the city council of Hot Springs passed an ordinance granting the Little Rock, Hot Springs and Western Railway Company a right-of-way

and certain rights and privileges as successor to the Little Rock, Hot Springs & Texas Railway Company, in which all the rights, privileges and right-of-way granted in the first ordinance were extended and granted to the Little Rock, Hot Springs & Western Railway Co., its successors and assigns. In § 2, after describing the same general route as in the first ordinance, this further grant is made:

"That, in addition to the rights and privileges hereinbefore mentioned and granted, said railroad company is also granted the right and privilege to occupy and use any part of said blocks fifty, fifty-four and fifty-eight for the purpose of erecting, constructing, maintaining, using and operating thereon such track or tracks, switches, turnouts, and turntables, freight depot, passenger depot and such other structures and improvement as may be necessary and incident thereto, and for such other purposes and uses as said railroad company may deem necessary; said railroad company is also hereby granted the right and privilege to lay, construct, maintain, operate and use such track or tracks, turnouts, switches and sidetracks, on that portion of Orange and Olive Streets, between Elm and Valley Streets, as said railroad company may deem proper."

Section 3 defines the conditions on which the rights are granted, among them the following:

"That said railroad company shall have said railroad completed and be operating within three years from the date of the passage of this ordinance, otherwise the grants herein are null and void."

The company constructed its railroad within the time limited, and it and its successors and assigns have continuously operated same since that time. During this period of time, Hot Springs has grown from a mere village to a large and thriving city, and is the world's most famous health resort. The facilities built by the railroad company, both for its own convenience and that of the general public, became inadequate, and necessity demanded the construction of additional tracks to its

depot, to facilitate the handling of the enormously increased traffic and the great number of trains coming into its station. Therefore, to meet this necessity, appellee decided to spend more than $200,000 in improving its terminals in Hot Springs, and, as a part of this program, began the construction of four additional tracks parallel with the main track and immediately west thereof, through blocks 50, 54 and 58, and to its depot in block 58, which stands at the intersection of Elm and Valley Streets. It owned all the land on which these tracks were to be laid, except Orange Street, which extends west from the railroad, but has no outlet to the east. In fact, appellee owns all of block 50, all of 54 east of the alley, and all of 58. In order to build these tracks it was absolutely necessary to cross the "dead end" of Orange Street. When Orange Street was reached in the laying of tracks, appellants prohibited it from crossing Orange Street, arrested its employees under a claim that it had no right to cross said street, and thereby was preventing the completion of said work. Appellee thereupon brought this suit to enjoin appellants from interfering in any way with such work. A temporary restraining order was issued, and the case set down for final hearing. If any pleadings were filed by appellants, they are not abstracted, and none is mentioned in the decree. The case was, quoting from the decree, "submitted to the court on the complaint of plaintiff with exhibits thereto, the copies of two separate ordinances of the city council of the city of Hot Springs, Arkansas, which are attached to the plaintiff's complaint, the admissions of the defendants that said ordinances were duly and regularly passed by the city council of Hot Springs, Arkansas, and the further admission by the defendants that all the allegations of fact in plaintiff's complaint are true, a map showing the location of the railroad tracks which plaintiff intends to build, and the testimony of E. M. Cohen to the effect that plaintiff owns all real property abutting on Orange Street, which plaintiff intends to cross same with its tracks, and that plaintiff owns all real

property lying east of the alley which runs through the middle of block fifty-four of United States Hot Springs Reservation from Orange Street to Olive Street," from which the court found that appellee had the right, under the law and ordinances, to construct said tracks across Orange Street, and made the temporary order, restraining appellants from interfering therewith in any way, permanent, but provided such tracks should be so constructed as not materially to interfere with traffic on said street or the use thereof by the public. Acting under the injunction granted it, appellee has completed the construction of said tracks across Orange Street to its depot, and they are now being operated and used for the benefit of it and the public. By this appeal we are asked to reverse this case, and direct the chancery court to require appellee to remove the tracks so placed on Orange Street.

Appellant's principal contention for a reversal of the case, and the only one we deem necessary to discuss, in view of the disposition we make of it, is that the ordinances in question only gave appellee and its predecessors the right to build such tracks across Orange Street as were contemplated at the time; that the grant was not a prospective and continuing one, giving the grantee the right to lay additional tracks whenever it deemed necessary or proper to do so. In other words, that, having constructed its railroad and tracks under the ordinance, all its rights were exhausted, and it cannot now, after a lapse of 27 years, proceed to build new tracks under this authority, but would have to go to the city council for additional authority. To sustain this contention counsel have cited two of our own cases, *Board of Directors of St. Francis Levee Dist.* v. *Bowen,* 80 Ark. 80, 95 S. W. 993, and *St. L. I. M. & S. R. Co.* v. *Stevenson,* 125 Ark. 357, 188 S. W. 832.

The first of such cases "was an action to recover damages on account of the construction of a levee by the defendant across the farm of plaintiff and the taking of land for a right-of-way therefor," and this court said:

"The main defense set up by the defendant seems to have been that the right-of-way to construct the levee had already been granted by a deed duly executed by plaintiff. This deed purports to convey 'the right-of-way' over the land in question 'for the purpose of constructing and maintaining any and all levees that may be built thereupon as a protection against overflows.' This deed was made out on a printed form for a deed prepared by the levee board, and recited a nominal consideration of $1. We are of the opinion that the deed gave only one right-of-way across the land; and, when a right-of-way across the land was selected and occupied by the construction of a levee, the defendant could not construct another levee across the land on a different line without securing another right-of-way. We think that the circuit court correctly held that only one right-of-way could be taken under it, and that, after that had been selected and occupied, the power of the deed was exhausted, and no other right-of-way could be taken under it."

In the other case above cited, the substance of the decision is stated in the syllabus, and is as follows:

"One B granted the appellant railroad company a right-of-way over certain lands owned by him, without specifying the width of the right-of-way granted. The railroad company occupied a right-of-way about thirty feet in width, and some time thereafter sought to extend its right-of-way to the statutory limit. Kirby's Digest, §§ 2939-2940. *Held*, the railroad company could not extend the limits of its right-of-way beyond the territory already occupied by it without a new grant from the owner of the land."

In the last mentioned case this court cited with approval the case of *Vicksburg & M. R. R. Co.* v. *Barrett*, 67 Miss. 579, 7 So. 549, in which the landowner had conveyed to the railroad company by deed a right-of-way "not to exceed in width one hundred feet" across certain lands. The full width of the strip was not actually occupied in building the road. Many years afterwards, when

the original grantors had conveyed the lands to others, the railroad company sought to take the remainder of the one hundred-foot strip described in the deed for its uses and purposes. The Supreme Court of Mississippi denied the railroad company this right, and in disposing of the case the court said:

"The conveyance from Cohea did not grant a right-of-way to the company one hundred feet wide. The right granted was of a way 'not to exceed in width one hundred feet,' within which limit the officers of the company were to 'use so much land as they may deem necessary.' The way granted was not fixed by the deed as to place, quantity, or direction. It was, until located, a floating right, exercisable over any portion of the land within the limit of width specified. Action was required by the company to indicate and fix the way granted, and though it may be true, as contended by counsel for the company, that ordinarily or universally the road-bed of railroads is laid along the center of the right-of-way, such custom cannot control where the conduct of the parties touching the particular right claimed is shown to have been otherwise. * * * The claim here is to extend a grant, the limits of which have been fixed by the parties, so as to include lands which might have been, but were not, deemed 'necessary' by the officers of the company when it located its way under the grant. We find nothing in the conveyance by which authority to locate the way might be exercised more than once, and by the location then fixed the company must be concluded."

Based upon these and other cases cited by counsel for appellants, it is the opinion of the majority of this court that appellee's rights, granted under the ordinance in question, were exhausted when its predecessor, the Little Rock, Hot Springs & Western Railway Co., constructed its terminals in Hot Springs many years ago, and that the "right and privilege to lay, construct, maintain, operate and use such track or tracks, turnouts, siding, switches and yard-tracks on that portion of Orange and Olive Streets between Elm and Valley Streets as said railway

company may deem proper," which was given appellee's said predecessor by the city of Hot Springs in said ordinance, was not a prospective grant, giving the appellee the right to do so at this time, after the lapse of so many years, but was a grant which must have been exercised presently. But it does not necessarily follow from this view of the majority that this case must be reversed. All the facts alleged in the complaint were conceded by appellants to be true. It is conceded that the building of such additional tracks by appellee is a public necessity, that it owns all the right-of-way over which it proposes to lay such tracks, except where they cross Orange Street, and that, being a public necessity, wherein the interests of both the city of Hot Springs, the public generally and appellee will be promoted, the city council of Hot Springs would be under the duty of granting appellee the right and privilege to lay said tracks across Orange Street in order to reach its depot therewith. And while the proper course to pursue would have been to apply to the city council for such authority, and, on its refusal to grant same, to have applied to the courts for relief, yet, since said tracks have already been constructed and are in use and operation under the authority of the injunction granted by the court against appellants, and since said right would necessarily have been granted by the city council, this court will not set aide the action in granting said injunction.

It is the opinion of the minority, in which Mr. Justice Smith, Mr. Justice Humphreys and the writer of this opinion agree, that said ordinance grants to appellee a continuing right to lay the tracks in question across Orange Street, between Elm and Valley Streets, at any time when the public necessity demanded it, and that there was no necessity of going to the city council on an application for a new grant for such purpose. We are of the opinion that the ordinance in question, when properly and fairly construed, shows on its face that it was in contemplation of both parties, at the time of the grant, that additional facilities might and would be required

with the growth of the city and the increased demands of the public, and that it was the intention of the council to give appellee the right to construct such additional facilities between Valley and Elm Streets, and across blocks 50, 54 and 58, and necessarily across Orange and Olive Streets, from time to time, as necessity demanded, and, having completed its line within the three years limited in the ordinance, the grant ripened into a contract, giving the vested right to appellee thereafter, from time to time, to build such additional facilities as necessity required. We state these views generally, without going into an analysis of the ordinance to demonstrate the correctness of our opinion. We adhere to the views expressed in the former decisions of this court in the cases cited.

It follows that the majority and minority have both reached the same result, and that the case must be affirmed. Costs will be adjudged against appellee.