AUSTEEL v. BRIDGES.

Opinion delivered October 27, 1930.

Martin, Wootton & Martin, for appellant.

Arthur Cobb, for appellee.

HUMPHREYS, J. Appellant, owner of the Yellow Cab Company, institutes this action in the chancery court of Garland County to enjoin appellee, a competitor in the taxicab business, from parking and soliciting taxicab business on the property of the Missouri Pacific Railroad Company, in the city of Hot Springs, Arkansas, alleging that he had an exclusive contract with said railroad company for said privilege and had entered into a bond for the faithful performance of the contract on his part; and further alleging that he had no adequate remedy at law by which to protect and enjoy his privilege.

Appellee filed an answer denying that he had parked his taxicabs and solicited taxicab business on the property of the Missouri Pacific Railroad Company; also denying that the Missouri Pacific Railroad Company had authority to grant appellant an exclusive right to park

his taxicabs and solicit business on its property, such privilege being a monopoly, against public policy and therefore contrary to law.

The cause was submitted to the chancery court upon the pleadings and evidence introduced by the respective parties which resulted in a dismissal of appellant's complaint for the want of equity, from which is this appeal.

The contract awarded appellant by the Missouri Pacific Railroad Company was introduced in evidence. The latter part of the third paragraph thereof reads as follows:

"Carrier (Missouri Pacific Railroad Company) also grants to contractor (appellant) the right, exclusive so far as lawful, to solicit in the waiting rooms and upon the passenger station grounds and premises of carrier at junction, passenger and baggage transfer business destined to points in Hot Springs and vicinity." * * *

An ordinance of the city of Hot Springs dated July 7, 1914, was also introduced in evidence. Section 1 of the ordinance provided for the closing of portions of Olive Street between Elm and Valley streets to public travel. Section 2 of the act is as follows:

"The above described portions of Olive and Valley streets are hereby granted to the St. Louis, Iron Mountain & Southern Railway Company for depot and other railway purposes, which may now or may hereafter be needed by the St. Louis, Iron Mountain & Southern Railway Company."

The decree rendered by the chancery court of Garland County at its December term, 1926, in the case of Missouri Pacific Railroad Company, plaintiff, v. Leo P. McLaughlin, as city attorney of Hot Springs, Arkansas, V. S. Ledgerwood, as judge of the municipal court of Hot Springs, Arkansas, and Robert A. Jones, as mayor of the city of Hot Springs, Arkansas, defendants, was introduced in evidence, which sustained the right of said railroad company, under the law and ordinance of the city of Hot Springs, Arkansas, to maintain, lay, con-

struct and operate its tracks, side tracks, turnouts and switches across that portion of Orange and Olive streets in said city which lies between Elm and Valley streets, provided said condition by such construction and occupancy should not materially interfere with the traffic on said streets and use of said streets by the public.

The undisputed proof in the record reflects that Olive Street, between Elm and Valley streets, was never actually closed but remained open after the passage of said ordinance in 1914 for use by the public and has been continuously used by the public as far east as the railroad track; that part of Olive Street east of the railroad track is open, but not used by either said railroad company or the public on account of its rough condition.

It is also reflected by the undisputed proof that appellee and all other owners of independent taxicabs park their taxicabs and solicit business on what is known as the dead end of Olive Street, being a space of about sixty by forty feet, which was allotted to them for parking purposes by the municipal authorities of said city, leaving the remainder of Olive Street out to Elm Street, a space of about one hundred seventy by one hundred forty feet, for use by appellant.

It is also reflected by the undisputed evidence that all passengers debarking from the incoming trains enter Olive Street, and that, if appellee and the other independent owners of taxicabs are denied the use of the dead end of Olive Street to park their taxicabs and solicit business they would have to park them on Elm Street where passengers do not get off trains and where they could not solicit any business.

It is also reflected by the undisputed proof that the dead end of Olive Street is the only part of Olive Street where appellee has parked his taxicabs and solicited business.

Under our view of the interest the Missouri Pacific Railroad Company, successor to the St. Louis, Iron Mountain & Southern Railway Company, has in Olive Street

between Elm and Valley streets it will be unnecessary to determine whether a railroad company may enter into a contract with a taxicab company granting said taxicab company the exclusive right and privilege of parking its cabs on railroad property for the purpose of soliciting and transporting to various parts of the city passengers that debark from its trains at its depots or terminals. Under the ordinance of the city of Hot Springs, relied upon by appellant as a basis for his suit, said railroad company acquired no private ownership in or exclusive control over Olive Street between Elm and Valley streets which it could farm out to taxicab companies, even if permissible under the law to make such exclusive contracts. The only right it acquired therein or thereon under the ordinance in question was for "depot and railway" purposes, which was construed in the Garland Chancery Court in the case of the *Missouri Pacific Railway Company* v. *McLaughlin et al., supra,* and affirmed by this court[*], to mean that said railroad company might "maintain, lay, construct and operate its tracks, side tracks, turnouts, and switches across Olive Street between Elm and Valley streets in the city of Hot Springs, Arkansas, provided that in doing so it did not materially interfere with the traffic on said streets by the public. Independent of the ruling in the McLaughlin case, we are of the opinion that the ordinance upon which appellant relies as a basis for his suit vests no exclusive rights in said railroad company, as successor to the St. Louis, Iron Mountain & Southern Railway Company, to control traffic over and upon Olive Street between Elm and Valley streets, or to interfere with the use of the public thereon and therein.

No error appearing, the decree is affirmed.

HART, C. J., and KIRBY and McHANEY, JJ., dissent.

---

[*] *McLaughlin* v. *Missouri Pac. R. Co.,* 175 Ark. 912, 300 S. W. 929.