Arthur BRADLEY, Jr. *v.* ARKANSAS LOUISIANA GAS CO.

83-133                                    659 S.W.2d 180

Supreme Court of Arkansas
Opinion delivered October 31, 1983

*Spencer, Spencer & Shepherd, P.A.,* for appellant.

*Vickery & Jones, P.A.,* for appellee.

JOHN I. PURTLE, Justice. The chancellor held that appellee, Arkla Gas Company, had the right to enter upon appellant's property pursuant to an easement given to Arkla in 1960 by appellant's predecessor in title. On appeal it is argued that Arkla must obtain a new grant because the 1960 easement was exercised and a pipeline was located on a portion of appellant's property which established the bounds of the easement. We agree with the argument presented by appellant.

The facts reveal that in 1960 appellant's predecessor in title, Mary Pauline Biles, granted appellee a right of way to lay, maintain, alter, repair, operate and remove pipelines across certain lands, including the tract here in question. There was no metes and bounds description or any other description of the exact location of the right of way grant for the pipelines. Sometime thereafter Arkla placed a gas pipeline across this property. The pipeline as originally installed ran down the median strip of James Boulevard. The pipeline easement occupied land to a width of 30 to 40 feet. In 1979 the highway department constructed a bypass to State Highway 82. The construction of the bypass caused appellee to decide to relocate its pipeline. Appellant was approached by an agent of appellee with a request that he grant appellee another right of way. Appellant refused to make a new grant and warned appellee to stay off his property. Nevertheless, appellee went upon appellant's land and took possession of a strip of land 42 to 49 feet in width. Upon this new right of way, Arkla laid an additional pipeline. The new pipeline was about a hundred feet south of the existing right of way occupied by appellee's pipeline and adjacent to a one hundred foot right of way occupied by A.P.& L. Appellant filed a complaint in ejectment in the Union County Circuit Court. The circuit court transferred the case to chancery for the sole purpose of construing the various recorded instruments involved in the action and delineating and declaring the rights and interests arising thereunder, and to specifically determine whether Arkla had exceeded the rights possessed by it under the various instruments. The chancellor held that appellee had the right, under the 1960 grant, to relocate its pipeline across appellant's property in the manner in which it had been

done. This appeal is from the ruling of the Union County Chancery Court.

The issue before this court is whether appellee had the right, under the 1960 grant, to relocate its pipeline across appellant's land without obtaining a new right of way grant. The original grant states that the grantor granted: " . . . the right to lay, maintain, alter, repair, operate and remove pipe lines for the transportation of oil or gas . . . " The description of the grant was the East half of the East half of the Northeast quarter of the Northeast quarter, Section 36, Township 17 South, Range 16 West. Since no specific location of the right of way was given, the grantee was free to locate it any place on the described property it chose, subject to accepted standards of reasonableness and convenience. The appellee made the selection in the sixties and located its pipeline in an area of its own choosing.

Relying upon a sentence which had been stricken from the 1960 grant of right of way, stating, "Should more than one pipe line be laid under this grant at any time the same consideration shall be paid for each line so laid. . . ," the court ruled in favor of the appellee. It is clear that the intent of the parties was to delete the foregoing provisions of the contract which had been prepared by appellee. The trial court also emphasized the word *pipelines* rather than *the right of way*. We know of no reason why more than one pipeline cannot be placed within one right of way. Even if the word pipelines were construed to mean that appellee acquired the right to lay more than one pipeline across appellant's property we still would have to consider that the grant was for a single right of way. This language clearly indicates the grantor intended to allow the grantee a single right of way. In any event, the appellee selected the placement of its right of way and installed a pipeline thereon. Instruments are usually construed against the party preparing such. *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974). In construing conveyances the objective is to ascertain the intention of the parties. *Buford v. Dearing*, 255 Ark. 538, 500 S.W.2d 931 (1973). When the exact location of a right of way is not described, its bounds will be determined

by lines of reasonable enjoyment. *Fulcher* v. *Dierks Lumber & Coal Co.,* 164 Ark. 261, 261 S.W. 645 (1924).

Appellee cites several cases supporting the right to lay additional lines on existing easements. That is not the problem presented in the present case. Such cases primarily related to secondary easements which we discussed at length in *Loyd* v. *Southwest Arkansas Utilities Corporation,* 264 Ark. 818, 580 S.W.2d 935 (1979), and have little bearing on the issues presently before us.

In the early case of *Board of Directors of St. Francis Levee Dist.* v. *Bowen,* 80 Ark. 80, 95 S.W. 993 (1906), it was held that when the grantee selects a right of way not specifically described in the grant, it becomes fixed and the grantee has no right to go upon other parts of the grantor's land without a new grant. Ten years later in the case of *St. Louis, I.M. & S. Ry. Co.* v. *Stevenson,* 125 Ark. 357, 188 S.W. 832 (1916), this court held that a railway company which had acquired an undesignated right of way approximately 30 feet in width could not subsequently extend the limits of the right of way beyond the territory already occupied without a new grant from the owner of the land. The owner of the servient estate has the right to delimit a nondefined right of way but upon failure to do so the holder of the dominant estate may exercise this right. The location must be reasonable in either case. *Fulcher* v. *Dierks Lumber & Coal Company, supra.* Undesignated grants of rights of way may be termed "floating rights of way" until located and utilized but thereafter such easements become fixed.

The grantee of an easement or right of way has the right to determine the exact location of such easement if the grantor fails to do so. This right of the grantee is subject to the convenience and reasonableness of the dominant and servient estates. After the location is designated and used it cannot thereafter be redesignated at a different location without another grant. Therefore, the chancellor was clearly erroneous in determining that appellee had the right to relocate its right of way without an additional grant.

Appellee also argues appellant should be estopped from claiming the relief sought because he stood by and watched as appellee occupied his lands and installed a new pipeline. Appellant refused to grant a new easement, threatened to sue if appellee entered upon his lands and filed suit within a week after the new pipeline was installed on his property. There was no evidence at all which indicated appellant intended to mislead the appellee as must be found before the doctrine of estoppel can be applied as a defense. *Coristo* v. *Twin City Bank*, 257 Ark. 554, 520 S.W.2d 218 (1975). The appellee was not entitled to rely on estoppel in this case.

We treat the decree of the chancellor as an appealable order pursuant to ARAP, Rule 2 (a) 2. The decree of the chancellor in effect prevented appellant from obtaining a judgment on his complaint for ejectment. We have not found any authority for a circuit court to relegate the matter of construction of a document to the chancery courts. In the normal course of events once a chancery court acquires jurisdiction of a case it retains jurisdiction for all purposes. A judgment or decree is tested by substance rather than form. *McNeece* v. *Raines*, 182 Ark. 1091, 34 S.W.2d 225 (1931). On remand the chancellor will retain jurisdiction and proceed in a manner consistent with this opinion.

Reversed and remanded.