DIAMOND SHAMROCK CORPORATION *v.*
John HARRIS and Betsy HARRIS ARKLA, INC., Cross-appellee and Cross-appellant

84-83                                            681 S.W.2d 317

Supreme Court of Arkansas
Opinion delivered December 17, 1984
[Rehearing denied January 28, 1985.]

*Warner & Smith,* for appellant.

*McMath Law Firm, P.A.,* for appellees and cross-appellants Harris.

*Daily, West, Core, Coffman & Canfield,* by: *Jerry Lee Canfield* and *Douglas M. Carson,* for cross-appellee Arkla, Inc.

RICHARD N. MOORE, Special Justice. This case originated as a suit by John Harris and Betsy Harris, herein referred to as "Harris", against Diamond Shamrock Corporation and Arkansas Louisiana Gas Corporation, referred to as Arkla, Inc., and is before the Supreme Court of the State of Arkansas pursuant to Rule 29(1)(n). The subject of Appellee Harris' complaint was an oil and gas lease executed between Harris and Diamond Shamrock on July 1, 1977, involving certain acreage purchased in May of 1974 and owned by Harris. At the time the oil and gas lease between Diamond Shamrock and Harris was executed, there was in existence a long-term gas purchase contract between Appellant Diamond Shamrock and Arkla, Inc., that had been executed on December 7, 1971, and covered an area which included the Harris property. By the terms of the long-term gas purchase contract, Arkla agreed to purchase at a specified price the gas produced by Diamond Shamrock from wells in several counties, including the area in Pope County, Arkansas, where the Harris lands are located. When Harris purchased the property in May, 1974, an abstract of the property was prepared but did not include nor reveal the existing long-term gas purchase contract between Diamond Shamrock and Arkla, Inc. Harris later discovered that a recording supplement, evidencing the material terms of the long-term

gas purchase contract, had been recorded in the records of the Circuit Clerk of Pope County on December 13, 1971, but appeared nowhere in his chain of title.

Subsequent to the purchase of the property involved herein, Harris executed an oil, gas, and mineral lease on July 1, 1977, with Diamond Shamrock. this lease included, along with other acreage, the thirty-four (34) mineral acres located in Section 10, Township 9 North, Range 20 West, in Pope County, Arkansas, belonging to Harris. Unknown to Harris at that time, this area was also included by the terms of Diamond Shamrock's 1971 gas purchase agreement with Arkla, Inc.

The gas lease contract between Harris and Diamond Shamrock was represented to Harris by Diamond Shamrock to be the same standard form that was used with other property owners in the area and contained the royalty claus₊ as follows:

"Lessee shall monthly pay lessor as royalty owned gas, including casing head gas, and other gaseous substance produced from said land and sold or used off the premises, or for the extraction of gasoline or other products therefrom, the market value at the well of one-eighth of the ga₊ so sold or used, provided that on' gas sold at the wells, the royalty shall be one-eighth of the amount realized from such sale."

It is this clause that sets the price that Appellant Diamond Shamrock has contracted to pay Harris under their lease for any gas produced from the Harris property. The Appellant asserts that the market value, referred to in the quoted royalty clause, was actually established prior to the time of the 1977 lease agreement between Diamond Shamrock and Harris by the terms of the 1971 gas purchase agreement between Diamond Shamrock and Arkla, Inc. The agreement set the price that Arkla, Inc. would pay to Diamond Shamrock for gas produced and supplied from the area that included the property owned by Harris.

Harris alleged in the trial court that the amount he

receives from Diamond Shamrock for the gas attributable to his property should not be set by the gas purchase contract between Diamond Shamrock and Arkla, Inc. Harris asks that his compensation be set by the market value of one-eighth of the gas produced as stated in his lease agreement with Diamond Shamrock or, in the alternative, that the court grant a cancellation of the gas lease between Harris and Diamond Shamrock due to Harris' lack of notice of the 1971 gas purchase agreement at the time he entered into the lease agreement with Diamond Shamrock.

On November 14, 1983, the trial court held:

1.   That the gas purchase contract between the Defendant Diamond Shamrock Corporation and Arkla, Inc., formerly Arkansas Louisiana Gas Company, executed on the 7th day of December, 1971, is not applicable to Plaintiff's oil and gas lease executed to Diamond Shamrock Corporation on the 1st day of July, 1977.

2.   That the pleadings are amended to conform to the proof and the Court finds that the oil and gas lease between Defendant Diamond Shamrock Corporation and Plaintiffs Harris provides for Plaintiffs to be paid monthly, as royalty on gas, one-eighth (1/8) of the market value thereof.

3.   The best evidence of the market value is the price paid other paticipants in the Lynch No. 1 Well, as shown in Plaintiff's Exhibit No. 15, which stated that the other participants as of January 5, 1983, were being paid N.G.P.A. Section 102 3.249 cents/M.M.B.T.U.

4.   Plaintiffs are not entitled to cancellation, but are entitled to performance of their oil and gas lease, just as if the gas purchase contract aforementioned did not bind them in any way.

5.   Plaintiffs are entitled to an accounting for past due royalties at the market value, as determined·by what the other participants were paid on the same well as set out in Plantiffs' Exhibit No. 15, which indicates that they were being paid N.G.P.A. Section 102 3.249 cents/M.M.B.T.U.,

274

as of the 5th day of January, 1983.

6. That Defendant Diamond Shamrock Corporation will pay Plaintiffs Harris future royalties at the same rate the aforementioned participants are being paid.

7. That Defendant Diamond Shamrock Corporation shall pay Plaintiffs Harris accrued interest at the rate of ten percent (10%) per annum on all past due royalties from the date they should have been paid.

8. That there is no contractual relationship between the Plaintiffs and the Defendant, Arkla, Inc., so that the Defendant, Arkla, Inc., is not responsible, nor is it obligated by any of the findings and orders made by this Court in favor of the Plaintiffs against the Defendant Diamond Shamrock.

9. The Plaintiffs shall have a lien on the oil and gas lease aforementioned and the gas produced therefrom to secure payments of past and future royalties, and said lien shall apply to both Defendant, Diamond Shamrock and Arkla, Inc.

10. This Court shall retain jurisdiction for accounting of the past due royalties and enforcement of this Order.

Diamond Shamrock contends on appeal that the trial court committed error when it found that Appellant's royalty obligation was the market value of one-eighth (1/8) of the gas attributable to Appellee Harris' lands and that the determination of this market value should not be anything other than the amount paid Diamond Shamrock for the gas produced from Appellee Harris' land pursuant to the long-term gas purchase contract between Diamond Shamrock and Arkla, Inc. Appellant Diamond Shamrock also asserts that any other interpretation of the lease agreement actually rewrites the contract for the parties and, is therefore error. Appellees Harris cross appealed the trial court's denial of their request for cancellation of the contract. Appellees Arkla, Inc. cross appealed the trial court's refusal to dismiss Arkla, Inc. from the original lawsuit.

Appellee John Harris asked the representative of Diamond Shamrock specifically about the terms of the oil, gas, and mineral lease that Harris executed with Diamond Shamrock during his negotiation of the lease. His inquires were to determine if there was anything unusual about this particular lease in comparison to the leases Diamond Shamrock had previously executed with other lessors in the same area and Unit. Diamond Shamrock assured Harris that it was a standard lease and that the terms and provisions were not different or unusual. As aforementioned, Harris executed this lease in July, 1977, without knowledge that Diamond Shamrock had previously entered into the long-term gas purchase contract with Arkla, Inc. in December of 1971. Further, the Harrises had no reason to be on notice of that particular contract since though it was recorded, it was not in their chain of title and they had no reason to search nor manner by which to discover this contract. In *Tisdale* v. *Gunter*, 194 Ark. 930, 109 S.W.2d 1267 (1937), it states:

> If one, to prove his title, must rely upon and make proof of a deed or decree to establish a title, then it is a link in the chain of title, and he is affected with notice thereof, whether he has knowledge or not and regardless of the fact that it may not be of record. If, to establish a title, it is not essential to prove and rely upon a deed of record, it is not a link in the chain of title, and in these circumstances one is not bound by the recitals of a deed or decree, unless he has actual knowledge thereof.

See also, *Criner* v. *Ritchie*, 212 Ark. 815, 208 S.W.2d 447 (1937).

The memorandum of the gas purchase contract between Diamond Shamrock and Arkla, Inc. that was recorded in 1971 was not notice to the Appellees Harris.

Appellant Diamond Shamrock prepared the oil, gas and mineral lease agreement that was executed between itself and Harris and included in this Agreement the language in the royalty clause which contained the reference to "market value". During the time period that Harris and Diamond Shamrock were negotiating the lease agreement,

there was never any attempt on the part of Diamond Shamrock to inform Harris of the gas purchase agreement with Arkla nor was there any explanation of why the pricing standard of the gas purchase agreement was not included in the royalty clause of the lease agreement. If Diamond Shamrock was relying upon the pricing standard found in the 1971 gas purchase agreement with Arkla, Inc., then this price should be clearly referred to in the lease agreement royalty clause. To hold otherwise would place Harris in the unfair position of being compensated for the gas produced from his property by a contract to which he was not a party nor had any notice of when negotiating his lease with Diamond Shamrock. This very gas purchase agreement that Diamond Shamrock attempts to rely on requires that Diamond Shamrock give specific reference and include notice to any other party with whom it might contract who would be covered by the gas purchase agreement. Diamond Shamrock not only failed to include this notice by specific reference in its lease agreement with Harris, it failed to disclose the prior agreement when questioned by Harris during the oil and gas lease negotiations. The royalty clause states that the valuation is to be made by the market value of one-eighth of the gas sold attributable to the Harris lands. If there is any uncertainty, then this obligation should be resolved in favor of Harris against Diamond Shamrock, the party that drafted the instrument. *Bradley* v. *Arkansas Louisiana Gas Company*, 280 Ark. 492, 659 S.W.2d 180 (1983). *Shelty* v. *Benton Savings & Loan Association*, 279 Ark. 275, 651 S.W.2d 71 (1983); *Gibson* v. *Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974).

Arkla, Inc. cross appealed on the issue that the trial court was in error for denying Arkla's motion to dismiss. Due to the fact that the Appellant Diamond Shamrock based the royalty payments that it was obligated to pay Harris upon the 1971 gas purchase agreement with Arkla, we hold that Arkla was properly included in the original lawsuit pursuant to Rule 19 of the Arkansas Rules of Civil Procedure.

For the reasons stated above, the trial court's decision is affirmed on direct appeal and because of this holding, it is

unnecessary to deal with the other issues raised on appeal.

HUBBELL, C.J. and DUDLEY, J. dissent.

HOLLINGSWORTH, J., not participating.

WEBB HUBBELL, Chief Justice, dissenting. The majority first ignores that the gas purchase contract between Diamond Shamrock and Arkla was of record in Pope County, Arkansas when the Harris lease was executed. The public records disclose the fact that the contract would cover the Harris's lands. Although the contract was perhaps technically not in their chain of title, the Harrises were constructively notified of its existence.

The majority also ignores the plain meaning of the lease. First the gas was sold at the well. *Butler* v. *Exxon Corp.*, 559 S.W.2d 410 (Tex. Ct. App., 1977); *Skaggs* v. *Herd*, 172 F. Supp. 813 (D.C. Tex., 1959). The lease provides that for gas sold at the wells, the royalty shall be one-eighth the amount realized from the sale. That is exactly what Diamond Shamrock paid the Harrises.

Apparently, the majority is finding the Harrises defrauded by Diamond Shamrock. This is contrary to the findings of the trial court. Had the court found otherwise, the trial court would have awarded rescission as requested by the Harrises. I certainly find nothing in the record or in the majority opinion which indicates that the chancellor was clearly erroneous on that issue.

I would reverse on direct appeal.

DUDLEY, J., joins in this dissent.